1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| DESTINY MONIQUE CLARK,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.  1:21-cv-01022-CDB<br><br>ORDER ON STIPULATION FOR AWARD OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR FEES<br><br>(Docs. 29, 30) |

18   Pending before the Court is the parties' stipulated motion for award of attorney's fees

19   pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 30).  The

20   parties agree to an award of attorney's fees to Plaintiff Adrian Graham's ("Plaintiff") counsel in

21   the amount of $6,500.00 pursuant to EAJA, 28 U.S.C. § 2412(d).  *Id*. at 2.

22   On January 27, 2023, the Court granted the parties' stipulated motion for a voluntary

23   remand and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the

24   Commissioner for further administrative proceedings.  (Doc. 27).  Judgment was entered the

25   same day.  (Doc. 28).  On April 27, 2023, Plaintiff filed a motion for attorney fees.  (Doc. 29).

26   Thereafter, the parties came to a "compromise settlement" and filed the instant stipulation on

27   May 2, 2023.  (Doc. 30).

28   Plaintiff requests an award of attorney fees and expenses as the prevailing party.  *Id*.; *see*

1   *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-

2   four remand order under 42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's request is timely.

3   *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).  The Commissioner does not oppose the

4   requested relief.  (Doc. 30).

5         The EAJA provides for an award of attorney fees to private litigants who both prevail in

6   civil actions (other than tort) against the United States and timely file a petition for fees.  28

7   U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing

8   party unless it finds the government's position was "substantially justified or that special

9   circumstances make such an award unjust."  *Id.*  Here, the government did not show its position

10  was substantially justified and the Court finds there are not special circumstances that would

11  make an award unjust.  Moreover, the government does not oppose Plaintiff's stipulated request.

12  *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23,

13  2018) (finding position of the government was not substantially justified in view of the

14  Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12–cv–2726 DAD, 2014 WL

15  5324302, at *1 (E.D. Cal. Oct. 17, 2014) (same).

16        Plaintiff' requests an award of $6,500.00 in EAJA fees.  (Doc. 26).  Counsel for Plaintiff

17  notes her firm worked on this action for 32.55 hours in 2022 and 2023.  (Doc. 29-2).  The

18  requested award is below the statutory maximum hourly rates authorized by the EAJA.[1]  The

19  Court finds this reasonable and commensurate with the number of hours an attorney would need

20  to have spent reviewing the certified administrative record in this case (604 pages) and preparing

21  a motion for summary judgment (Doc. 23).  With respect to the results obtained, Plaintiff's

22  counsel obtained a favorable judgment remanding the case for further administrative

23  proceedings.  (Docs. 27-28).

24        EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset

25

26        [1] The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by

27  the EAJA, adjusted for increases in the cost of living, on its website.  *See Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005); *Statutory Maximum Rates Under the Equal*

28  *Access to Justice*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited May 3, 2023).

Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010).  If the Commissioner determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

     Accordingly, it is HEREBY ORDERED:

1.  Plaintiff's request for attorney's fees pursuant to the EAJA (Doc. 30) is GRANTED;

2.  The Commissioner is directed to pay to Plaintiff as the prevailing party attorney fees in the amount of $6,500.00.  Unless any offsets are applied under TOP, the government shall make payment of the fees to Plaintiff's counsel Jonathan O Pena, in accordance with Plaintiff's assignment of fees and subject to the terms of the stipulation; and

3.  Plaintiff's Motion for Attorney Fees (Doc. 29) be DENIED AS MOOT.

IT IS SO ORDERED.

Dated:  __**May 4, 2023**__

_____
UNITED STATES MAGISTRATE JUDGE